### FINLEY v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.    January 17, 1905.)

1. WITNESSES—REDIRECT EXAMINATION—EVIDENCE—EXCLUSION—DISCRETION.

A physician having testified, in an action for injuries, that there was nothing to indicate injury except purely subjective symptoms, and having been cross-examined, it was not error to refuse to permit him to testify on redirect examination as to whether he discovered anything which would prevent plaintiff from attending to his business.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by William J. Finley against the New York City Railway Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Henry W. Goddard and William E. Weaver, for appellant.
Elliot Danforth, for respondent

MacLEAN, J. Admitting its liability for a collision, and disputing solely the damages, the defendant called a physician, who, in recounting what he did and saw and found in examining the plaintiff, said in various ways, in answer to various questions, that there were absolutely no marks of a blow or injury, and nothing to indicate any injury except the purely subjective symptoms of complaints of pains in his back, so that the result of the examination was that there were no objective signs of injury. After this witness had been cross-examined, the company's counsel on redirect propounded: "Doctor, state whether you saw anything, after a careful examination of this plaintiff, which would prevent him from attending to his business," which question, being objected to as not proper redirect, was excluded in a prudent exercise of the discretion reposed in the court. Upon the exception then taken, and upon it alone, the appellant asks that that judgment herein be reversed. It should be affirmed.

Judgment affirmed, with costs. All concur.